IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | Case No. 6:24-cr-00992-JDA-1 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Mylique McFadden, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on a motion from Defendant Mylique McFadden ("McFadden") for judgment of acquittal as to Count 1 or, in the alternative, for a new trial pursuant to Rule 29 of the Federal Rules of Criminal Procedure. [Doc. 110.] The Government opposes McFadden's motion. [Doc. 112.] This motion is now ripe for consideration.

## BACKGROUND

On December 10, 2024, McFadden was indicted on one count of distribution of fentanyl resulting in death stemming from the death of Matthew Barber due to the use of fentanyl. [Doc. 1.] On or around June 24, 2024, state law enforcement arrested McFadden for distribution of marijuana and the Government superseded McFadden's indictment and added two counts of possession with intent to distribute marijuana. [Doc. 67.]

McFadden's trial on these charges began August 11, 2025. [Doc. 99.] On August 12, 2025, the Court denied McFadden's motion for acquittal with respect to Count 1. The jury began deliberations on August 13, 2025, and returned a unanimous verdict finding McFadden guilty on Count 1 for distribution of fentanyl and found unanimously that

fentanyl caused Barber's death.  [Doc. 107.]  The jury also found McFadden guilty of Counts 2 and 3 for possession with intent to distribute marijuana.  [*Id.*]  McFadden filed the instant motion for judgment of acquittal and new trial on August 27, 2025.  [Doc. 110.]

## APPLICABLE LAW

**Rule 29**

Rule 29 of the Federal Rules of Criminal Procedure requires a court, on a defendant's motion, to enter a judgment of acquittal with respect to "any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  "A defendant may move for a judgment of acquittal, or renew such motion, within 14 days after a guilty verdict . . . ."  Fed. R. Crim. P. 29(c).

When considering a challenge to the sufficiency of the evidence, the proper test is whether, "viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government, . . . the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt."  *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc ) (internal quotation marks omitted).  "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  *Id*. (internal quotation marks omitted).  A defendant bringing a sufficiency challenge bears a "heavy burden."  *United States v. Clarke*, 842 F.3d 288, 297 (4th Cir. 2016).

**Rule 33**

Rule 33 of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest

of justice so requires." Fed. R. Crim. P. 33(a).  Unless grounded on newly discovered evidence, a motion for new trial "must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  The Fourth Circuit has stated that, in consideration a motion for new trial, a district court should exercise its discretion "sparingly," and should grant such motion "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir.2003) (internal quotation marks omitted), *cert. denied*, 540 U.S. 1185, (2004).  A new trial is warranted only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).

## **DISCUSSION**

McFadden argues he is entitled to acquittal and/or a new trial for these reasons:

1. Even viewing the evidence in the light most favorable to the government, no rational juror could have found beyond a reasonable doubt that McFadden distributed fentanyl to the victim and the victim's death resulted from the use of the fentanyl; or alternatively,

2. The Court should weigh the evidence and inferences related to Count 1 and order a new trial.

[Doc. 110.]   In response, the Government contends that sufficient evidence supported each of the essential elements of each of the charges against McFadden beyond a reasonable doubt and that the evidence substantially supported the jury's decision. [Doc. 112 at 8.]

This Court has viewed the evidence in its entirety, the arguments presented by McFadden and the Government, as well as the controlling case law, and finds no basis for granting either acquittal or a new trial.   Accordingly, McFadden's motion is denied.

## CONCLUSION

In sum, the Court denies McFadden's motion for acquittal notwithstanding the verdict and/or for a new trial [Doc. 110].

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

October 2, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.